# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY HOUSE,**
                **Plaintiff,**

      v.                                      Case No. 22-CV-911

**CITY OF RACINE POLICE DEPARTMENT, et al.**
                **Defendants.**

## REPORT AND RECOMMENDATION

Currently pending before the court is Plaintiff Jeffrey House's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 6.) Having reviewed House's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting House's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a

paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), it must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining

whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Before turning to House's complaint, some background is necessary. In September 2019 House, proceeding *pro se* in a separate action, filed a complaint against various employees of the Racine Police Department, alleging violations of his Fourth and Fourteenth Amendment rights. Complaint at 1, *House v. Groth*, No. 19-cv-1307 (E.D. Wis. Sept. 10, 2019). Nearly two years later in that same action House filed a Second Amended Complaint. Second Amended Complaint, *House v. Groth*, No. 19-cv-1307 (E.D. Wis. July 14, 2021). In his Second Amended Complaint House alleged that nine Racine Police Department employees violated his Fourth and Fourteenth Amendment rights. *Id.* at 1. He sought redress for the alleged violations under 42 U.S.C. § 1983. *Id.* The alleged violations stemmed from the execution of a search warrant on House's residence by Racine Police Department employees. *Id.* at 2-7. House alleged that the search warrant was defective. *Id.* at 7. He sought as a remedy general damages for his ongoing psychological and emotional harm. *Id.* at 7-8. On cross-motions for summary judgment, this court concluded that "the search warrant was validly issued and executed" and granted the defendants' motion for summary judgment. *House v. Groth*, No. 19-cv-1307, 2022 WL 3100763, at *1 (E.D. Wis. Aug. 4, 2022).

With House's previous case in mind, and considering the standards set forth in 28 U.S.C. § 1915(e)(2), the court turns to House's complaint. House alleges that on

September 14, 2019—four days after he filed his now-dismissed case against employees of the Racine Police Department—two employees of the Racine Police Department, Investigators Robert Rasmussen and Craig Klepel, "forcibly removed cameras affixed to [House's] home before making unlawful entry." (ECF No. 1 at 4.) House alleges the investigators did so "while acting in their official capacit[ies]" as employees of the Racine Police Department. (ECF No. 1 at 4.) House further alleges that Officer Steven Beal, "accompanied by [K]-9 Odin," conducted a warrantless search of his home, after which they (he does not specify who) forcibly removed him from his home in handcuffs without an arrest warrant. (ECF No. 1 at 4.)

House alleges that the officers conducted the "warrantless search and seizure" in retaliation for the action he filed on September 10, 2019. (ECF No. 1 at 3, 4.) He alleges that the warrantless search caused him "emotional and psychological trauma" and that he "required medical attention following the traumatic encounter." (ECF No. 1 at 4.) House further alleges that "he observed from his window" Officer Rasmussen holding out his firearm in a "threatening fashion," and that it caused him "chest pain." (ECF No. 1 at 4.) Additional alleged injuries include: "loss of liberty, emotional distress and humiliation[,] embarrassment," and "infringement of [his] reasonable expectations of privacy." (ECF No. 1 at 4.)

House's complaint also rehashes allegations and claims relating to the April 2017 search of his residence, all of which were rejected by this court. *See House*, 2022 WL

3100763. For example, House alleges that Investigator Groth unlawfully seized him on April 5, 2017, while acting in his official capacity as an employee of the Racine Police Department. (ECF No. 1 at 3.) He alleges that the April 2017 search and seizure lacked probable cause, and for support he reasserts his previous arguments from the dismissed case. (ECF No. 1 at 3.)

Finally, House alleges that the Racine Police Department, through its employment of individuals acting under the color of law, engaged in a pattern of unlawful searches and seizures against him, interfering with his civil rights. (ECF No. 1 at 3.) He alleges that the pattern of unlawful searches and seizures occurred between April 5, 2017, and September 19, 2019. (ECF No. 1 at 3.)

House sues the Racine Police Department and, in their capacities as department employees, Klepel, Groth, Rasmussen, and Beal. (ECF No. 1 at 4.) He also names K-9 Odin as a defendant. (ECF No. 1 at 3.) House seeks redress under 42 U.S.C. § 1983 for alleged violations of his First, Fourth, and Fourteenth Amendment rights. (ECF No. 1 at 3.) Citing Wis. Stat. § 895.46, he also appears to name the City of Racine Police Department as indemnitor to the department employees. (ECF No. 1 at 1, 4.) House is seeking monetary relief, including punitive damages for "personal injury" and "emotional psychological distress." (ECF No. 1 at 5.)

A § 1983 action is "a tort damage action" even though the duty the defendant is alleged to have breached is created by the Constitution or federal law. *Lossman v.*

*Pekarske*, 707 F.2d 288, 290 (7th Cir. 1983). To state a claim under § 1983, the plaintiff must allege that the defendant owed him a constitutional duty, that the defendant breached his duty, and plaintiff suffered an actual injury from the defendant's conduct. *See Jones v. Hamelman*, 869 F.2d 1023, 1031 (7th Cir. 1989); *see Garza v. Henderson*, 779 F.2d 390, 395 (7th Cir. 1985).

Liberally construed, the complaint appears to assert cognizable civil rights claims against Rasmussen, Klepel, and Beal for their roles in the September 2019 search. House's complaint alleges that those three defendants took specific actions during the search and that they were acting in their official capacities as Racine Police Department employees. (ECF No. 1 at 2.) He further alleges that the search was warrantless, in retaliation for the civil rights action he filed against members of their department, and that the search violated his Fourth and Fourteenth Amendment rights, caused him physical injury, and caused emotional psychological distress. (ECF No. 1 at 4-5.)

House's claims against K-9 Odin, the Racine Police Department, and Groth, however, cannot survive screening under § 1915(e)(2)(B). First, under 42 U.S.C. § 1983, civil rights actions for constitutional violations may only be brought against persons, and K-9 Odin is a dog. *Dye v. Wargo*, 253 F.3d 296, 299-300 (7th Cir. 2001). Also, the police department is not a proper party to claims brought under § 1983. *Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) ("[A] police department is not a suable entity under § 1983."). As to Groth, this court has previously dismissed House's

7
Case 2:22-cv-00911-WED-WCG   Filed 08/30/22   Page 7 of 9   Document 7

allegations and claims specific to Groth and the April 2017 search. *House*, 2022 WL 3100763, at *5. Such claims are repetitive, and "are considered malicious and grounds for dismissal under 28 U.S.C. § 1915(e)(2)." *Briggs-Muhammad v. SSM Healthcare Corp.*, No. 13-cv-831, 2013 BL 351062, at *2 (W.D. Wis. Dec. 18, 2013) (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003)). "[L]itigants are not allowed to pursue claims that have been raised and rejected previously by other courts." *Id.* (citing *Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir. 1984)).

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 6) is **granted**.

**IT IS FURTHER RECOMMENDED** that K-9 Odin, Groth, and The City of Racine Police Department be **dismissed** as defendants in this action.

**IT IS FURTHER RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants**.** Even though the plaintiff has been permitted to proceed in forma pauperis in this case, he is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in

8
Case 2:22-cv-00911-WED-WCG   Filed 08/30/22   Page 8 of 9   Document 7

Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document filed.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 29th day of August, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge