# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JEFFREY D. HOUSE,

                Plaintiff,

      v.                                Case No. 22-CV-911

CRAIG J. KLEPEL, et al.

                Defendants.

## ORDER

In August 2022 this court granted House's request to proceed in forma pauperis and screened his original complaint, finding that House "appear[ed] to assert cognizable civil rights claims against" certain defendants, but recommending that other defendants be dismissed. (ECF No. 7 at 6-9.) Receiving no objections, District Judge William C. Griesbach adopted this court's recommendation in its entirety, dismissing certain defendants from the action and instructing the United States Marshals to serve a copy of House's complaint on the remaining defendants. (ECF No. 10.) The remaining defendants consented to the full jurisdiction of a magistrate judge (ECF Nos. 13, 15, 17), and, on November 14, 2022, answered House's complaint (ECF No. 19). Following a

Telephonic Rule 16 Scheduling Conference, after which the court issued a scheduling order (ECF No. 26), House filed an Amended Complaint (ECF No. 29).

This court is required to screen *all* complaints filed by pro se parties, including amended complaints. *See Salazar v. Hegarty*, No. 07-CV-238, 2008 WL 4682603, at *1 (E.D. Wis. Oct. 22, 2008) (citing 28 U.S.C. § 1915A(a)). Therefore, the court will review House's Amended Complaint to determine if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The allegations raised in House's Amended Complaint supersede those raised in his original complaint, so this court will review only those allegations raised in House's Amended Complaint. *See Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).

House's original complaint and his Amended Complaint are substantially similar. As in his original complaint, House alleges in his Amended Complaint that, on September 14, 2019, members of the Racine Police Department conducted a warrantless search of his home and seizure of his person in retaliation for him filing a civil lawsuit on September 10, 2019, against members of the Racine Police Department for their roles in an April 2017 search of his home.[1] (ECF No. 29 at 3.) House's Amended Complaint explains that his "decision to exercise his first amendment rights" (*i.e.*, file a civil action on September 10, 2019, to challenge the April 2017 search of his home) "resulted in his

---

[1] House's civil action filed on September 10, 2019, concerning the April 2017 search, was dismissed in *House v. Groth*, No. 19-cv-1307, 2022 WL 3100763, at *1 (E.D. Wis. Aug. 4, 2022). House clarifies in his Amended Complaint that he is not seeking to rehash the issues previously raised and dismissed in his prior lawsuit.

home being bombarded by defendants affiliated with the Racine Police Department"
(*i.e.*, the retaliatory September 14, 2019, search). (ECF No. 29 at 3.)

House's Amended Complaint also makes substantially similar allegations against defendants Craig Klepel and Steven Beal regarding their actions during the September 14, 2019, search. As in his original complaint, House alleges in his Amended Complaint that Klepel "attempted to forcibly remove security cameras affixed to [his] home prior to storming the interior of [his] home," and Beal, "assisted by k-9 Odin," violated his "fourth amendment right" when he entered his home without a "valid search or arrest warrant." (ECF No. 29 at 3.)

House's Amended Complaint makes certain departures from his original complaint. While House alleged in his original complaint that he observed defendant Robert Rasmussen brandishing his firearm in a "threatening fashion" during the search (ECF No. 1 at 4), House omits that allegation in his Amended Complaint. House also adds two defendants to his Amended Complaint, Theodore Bodnar and Matthew Johnson. (ECF No. 29 at 1.) He alleges that Johnson unlawfully entered his home with Beal and "handcuffed [him] without probable cause and placed [him] into a city of Racine Police Department patty wagon vehicle." (ECF No. 29 at 3.) House alleges that the warrantless search and seizure caused him "chest pain" and that he "struggle[d] to breathe [as he was] overcome [with] anxiety," resulting in a "panic attack" for which he "require[d] medical assistance." (ECF No. 29 at 3.)

House alleges that Bodnar "accompanied [House] while [he was] handcuffed from the patty wagon into the ambulance." (ECF No. 29 at 3.) He alleges that he was then "transported by ambulance in police custody[,] having committed no criminal offense" to Ascension Hospital, where he "was greeted by [Klepel, Bodnar, and Rasmussen], and was not free to go." (ECF No. 29 at 3-4.) He alleges that all actions taken by the named defendants during the warrantless search of his home and seizure of his person were meant as retaliation for the lawsuit he filed on September 10, 2019, and were intended to intimidate and harass. (ECF No. 29 at 3.)

House's Amended Complaint seeks redress under 42 U.S.C. § 1983 for alleged violations of his First, Fourth, Eighth, and Fourteenth Amendment rights, resulting from the alleged retaliatory search and seizure on September 14, 2019. (ECF No. 29 at 4.) As with his original complaint, House is seeking monetary relief in the form of punitive damages. (ECF No. 29 at 5.)

A § 1983 action is "a tort damage action" even though the duty the defendant is alleged to have breached is created by the Constitution or federal law. *Lossman v. Pekarske*, 707 F.2d 288, 290 (7th Cir. 1983). To state a claim under § 1983 the plaintiff must allege that the defendant owed him a constitutional duty, the defendant breached his duty, and plaintiff suffered an actual injury from the defendant's conduct. *See Jones v. Hamelman*, 869 F.2d 1023, 1031 (7th Cir. 1989); *see Garza v. Henderson*, 779 F.2d 390, 395 (7th Cir. 1985). Liberally construed, House's Amended Complaint appears to assert

4

cognizable civil rights claims against all named defendants, including newly added defendants Johnson and Bodnar. House alleges that the named defendants, as employees of the Racine Police Department, owed him a constitutional duty, that they breached their duty during the warrantless retaliatory search and seizure, and that he suffered actual injuries as a result. Therefore, in his Amended Complaint House has sufficiently alleged a cognizable civil rights claim under 42 U.S.C. § 1983 and may proceed with that claim.

**IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the amended complaint, a waiver of service form and/or the summons, and this order upon newly named defendants, Matthew W. Johnson and Theodore J. Bodnar**.** Even though House has been permitted to proceed in forma pauperis, he is still responsible for the cost of serving the amended complaint on the defendants. House is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

Dated at Milwaukee, Wisconsin this 1st day of February, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge