# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY D. HOUSE,**
        **Plaintiff,**

    **v.**                                       **Case No. 22-CV-911**

**CRAIG KLEPEL, et al.,**
        **Defendants.**

## ORDER

Pro se plaintiff Jeffrey House's amended complaint alleges that, in September 2019, members of the Racine Police Department (RPD) conducted a warrantless search of his home and seizure of his person in retaliation for him filing a civil lawsuit against members of the RPD. (ECF No. 29 at 3.) House alleges that defendants Craig Klepel, Steven Beal, Theodore Bodnar, Robert Rasmussen, and Matthew Johnson each played a role in the retaliatory search and seizure. (ECF No. 29 at 1-3.) On February 1, 2023, this court screened House's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it "sufficiently alleged a cognizable civil rights claim under 42 U.S.C. § 1983." (ECF No. 32 at 4-5.)

On February 16, 2023, the defendants answered House's amended complaint, denying most of the substantive allegations and raising seven affirmative defenses:

"The complaint fails to state a claim upon which relief can be granted"; "Any injuries or damages suffered by [House] were caused by his own conduct and negligence or the conduct of others"; "Defendants had no reason to believe that their conduct violated the constitutional rights of [House] and are entitled to the defense of qualified immunity"; "[House] may have failed to mitigate [his] damages"; "Defendants' conduct was privileged"; "The individual Defendant police officers are entitled to the defense of discretionary act immunity"; and "Any search of [House] was done pursuant to a 'Terry Stop' incident to arrest, or with consent." (ECF No. 38 at 4-5.)

A week after the defendants answered the complaint House filed a "motion to strike defendant's (sic) responsive pleadings." (ECF No. 41.) House's arguments are difficult to understand—he appears to have copied excerpts from various court orders and filings (some from this case, some from unrelated cases) and pasted the excerpts into his motion in a disjointed order. He begins with an excerpt from this court's screening order laying out his liberally construed § 1983 claim, asserts that "[t]he defendant's (sic) failed to point to specific allegations in the pleadings that satisfy the essential elements of Affirmative Defense," and "moves for [the] court to strike these defenses under Fed. R. Civ. P. 12(f)." (ECF No. 41 at 1.)

While the defendants assert that House "moves to strike only the first affirmative defense plead (sic) by Defendants" (ECF No. 46 at 3), House does not specify in his motion which affirmative defense (or defenses) he seeks to strike (ECF No. 41). It seems

most likely that House seeks to strike *all* of the defendants' affirmative defenses. His motion states that he "moves to strike *these* defenses" and argues that the defendants "needed to support *these* defenses with some factual allegations to make *them* plausible," that "the *defenses* were presented at a late stage of the litigation[,] … soon after [he] filed [his] second amended complaint," and that "*they* [the affirmative defenses] were not aimed at the one new cause of action." (ECF No. 41 at 2 (emphasis added).) House concludes his motion by listing each of the defendants' seven affirmative defenses. (ECF No. 41 at 3-4.)

House's grounds for striking the defendants' affirmative defenses appear to have been copied from a motion filed in another, unrelated case. He has not, for example, filed a "second amended complaint" in this action, nor does his amended complaint raise "a new cause of action." He also does not explain what he means by "the defenses were presented at a late stage of the litigation"; the defendants filed their answer fifteen days after the court screened House's amended complaint. (ECF Nos. 32, 38.) Because House's motion to strike fails to present a coherent argument for why the court should strike any of the defendants' affirmative defenses, the motion will be denied.

House has also filed a motion for preliminary injunctive relief. (ECF No. 43.) He claims that the defendants' September 2019 retaliatory search and seizure has caused him to forgo his "intended First Amendment activities as planned unless [he] receives judicial protection." (ECF No. 43 at 2.) Because his "First Amendment interests are

3

either threatened or [are] in fact being impaired at the time relief is sought," until the court grants his request for injunctive relief he argues he will "suffer irreparable injury." (ECF No. 43 at 2.) He also asserts that his § 1983 claim has "a high likelihood of success on the merits" (ECF No. 43 at 2) and that "the requested injunctive relief serves the public interest" (ECF No. 43 at 3).

A party seeking a preliminary injunction must demonstrate: "(1) that he will suffer irreparable harm absent preliminary injunctive relief during the pendency of his action; (2) inadequate remedies at law exist; and (3) he has a reasonable likelihood of success on the merits." *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017). "A preliminary injunction is an extraordinary remedy and is never awarded as of right." *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). The power to grant a preliminary injunction is one that is "never to be indulged in except in a case clearly demanding it." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of United States of Am., Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984)).

House's motion fails to make the showing necessary for this court to grant his requested preliminary injunction. He claims that the defendants' retaliatory search has "chill[ed]" him from engaging in his "intended First Amendment activities as planned" but does explain what those "activities" are or how the September 2019 search keeps

4

him from engaging in them. (ECF No. 43.) Without more explanation, the court cannot conclude that House will suffer irreparable harm absent preliminary injunctive relief, let alone that his planned "First Amendment activities" are, in fact, being threatened or impaired. House also claims "it is in the public interest" to hear about the defendants' unlawful and retaliatory activities, but he does not explain why an injunction is necessary to advance that interest. House has also not provided this court with any reason to believe that his claim has a reasonable likelihood of success on the merits. As such, the court will deny House's motion for preliminary injunctive relief.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to strike (ECF No. 41) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for preliminary injunctive relief (ECF No. 43) is **denied**.

Dated at Milwaukee, Wisconsin this 25th day of April, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge